IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

AMIE MICHELLE FRANCO                                                                    PLAINTIFF

V.                                        NO. 13-5145

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration            DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Amie Michelle Franco, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on April 13, 2010, alleging an inability to work since December 10, 2008, due to back problems and depression. (Tr. 123-124, 128-136, 204, 218). An administrative hearing was held on March 8, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 24-52).

By written decision dated July 9, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - obesity and degenerative disc disease of the lumbar spine. (Tr. 13). However, after reviewing all of the

evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform unskilled sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a). (Tr. 16). With the help of the vocational expert (VE), the ALJ determined that Plaintiff would not be able to perform her past relevant work, but there were jobs Plaintiff would be able to perform, such as bench finisher assembler and eyeglass frame polisher. (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on May 16, 2013. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would

have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138,

1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.　Discussion:**

Plaintiff raises the following issues on appeal: 1) The ALJ erred in failing to consider all of the Plaintiff's impairments in combination; 2) The ALJ erred in his analysis and credibility findings in regard to Plaintiff's subjective complaints of pain; 3) The ALJ erred in hie RFC findings; and 4) the ALJ erred in failing to fully and fairly develop the record.

**　　A.　　Combination of Impairments:**

Plaintiff argues that although the ALJ concluded that Plaintiff was obese, he neglected to consider Plaintiff's other obesity-related impairments, such as neck and shoulder pain, back pain, knee pain and foot pain, in rendering his adverse decision**.**

In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'" (Tr. 12). He also stated that an impairment or combination of impairments is "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. (Tr. 12). The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings. (Tr. 12). The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments. (Tr. 16). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th

Cir. 2005).

The Court finds there is substantial evidence to support the fact that the ALJ considered Plaintiff's impairments in combination.

**B.      Credibility Analysis:**

Plaintiff argues that the ALJ disregarded Plaintiff's subjective complaints of pain. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, the ALJ indicated that he considered Plaintiff's subjective allegations, giving careful consideration to all of the factors set forth in Polaski. (Tr. 17). The ALJ also reported that although Plaintiff testified to unremitting, uncontrolled pain, she did not take prescribed pain medication, and that Plaintiff's statement concerning the intensity, persistence and limiting effects of her symptoms were not fully supported by medical records. (Tr. 18).

The Court notes that with respect to Plaintiff's 2009 medical records, she complained of flank pain, hypertension, and dizziness. (Tr. 287, 293, 299). In 2010, she complained of right foot pain, reflux, cough, congestion and sinus pressure, vaginal itching, stuffy nose, sore throat,

AO72A
(Rev. 8/82)

sinus trouble, ear pain, and vomiting. (Tr. 227, 239, 247, 253, 256, 271). On April 4, 2011, Plaintiff complained of back pain and depression. (Tr. 258-259). Plaintiff had tenderness to palpation and spasms were noted over her paraspinous muscles in the lumbar region. (Tr. 259). There was no midline tenderness, a negative straight leg raising test, deep tendon reflexes were symmetrical, there was 5/5 strength throughout in her lower extremities, and sensation was normal throughout. (Tr. 259). She was assessed with low back pain and depressive disorder. (Tr. 259). On April 13, 2011, an x-ray showed slight loss of normal lordotic curve, and the L5 and sacral were not well visualized. (Tr. 261). It was also reported that multiple films were taken, but they were of continued poor quality due to Plaintiff's body habitus. (Tr. 261). There was normal alignment, and no fracture was seen. (Tr. 261). Plaintiff was told to stay active but to avoid heavy lifting (> 10 pounds) and excessive twisting or bending motions for two weeks. (Tr. 261).

On April 27, 2011, Plaintiff's treating physician, Dr. Bob Wilson, III, referred Plaintiff for an MRI of her lumbar spine. (Tr. 266). An MRI was performed on May 4, 2011, and the impression was: mild degenerative disc disease at L5-S1; broad-based disc bulge at L4-5 mildly flattens the anterior aspect of the thecal sac; and no moderate or high-grade neural foraminal narrowing and no disc fragment or extrusion identified. (Tr. 270).

On June 1, 2011, a Physical RFC Assessment was completed by non-examining consultant, Dr. Karmen Hopkins. (Tr. 328-335). Dr. Hopkins found that the medical records supported an RFC of sedentary work with postural restrictions. (Tr. 335).

The ALJ considered the medical records as well as Plaintiff's daily activities, noting that she was able to care for her own needs and cook, clean, drive, shop, pay bills, watch television

and go places. (Tr. 18). After considering the record as a whole, the ALJ found that the agency's RFC assessment was consistent with his RFC determination. (Tr. 18).

Based upon the foregoing, the Court finds that there is substantial evidence to support the ALJ's credibility findings.

    **C.    RFC Determination:**

Plaintiff argues that the records reflect that she was unable to perform even sedentary work. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

As indicated by Defendant, no physician indicated Plaintiff was precluded from all work, and no doctor provided any additional specific work-related limitations secondary to Plaintiff's obesity. In addition, the ALJ considered all of the medical records, Plaintiff's daily activities, and concluded that the opinions of the state agency physicians were consistent with his RFC

-7-

determination.

Based upon the foregoing, as well as the reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's RFC determination.

### D. Failure to Fully and Fairly Develop the Record:

Plaintiff argues that the ALJ neglected to investigate Plaintiff's diagnosed depressive disorder and made no effort to seek further clarification from Dr. Dustin Pope, who diagnosed Plaintiff with depression. Plaintiff also argues that the ALJ made no effort to seek clarifications from Plaintiff's treating physicians regarding the extent to which her obesity was related to her other impairments.

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press her case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir.

1989).

In this case, as noted by the ALJ, when Dr. Pope evaluated Plaintiff on April 4, 2011, Plaintiff scored high on the depression severity. (Tr. 14, 258-259). However, Dr. Pope also reported that Plaintiff presented a normal mood and affect and that Plaintiff denied any suicidal/homicidal ideation. (Tr. 14, 259). Dr. Pope directed plaintiff to take medications as directed and to stay active and to avoid heavy lifting (> 10 pounds), and excessive twisting or bending motions for two weeks. (Tr. 259). Dr. Pope also reported: "Consider Psychotherapy. Oral contract made with pt: if patient should decompensate or experience suicidal or homicidal ideas, the patient will immediately call, return to office, or go to the emergency room to obtain help." (Tr. 259). The medications prescribed at that time were: Flexeril, Norco, and Cymbalta. (Tr. 259). There is no indication that Plaintiff ever considered or pursued psychotherapy. On April 13, 2011, Plaintiff presented to Dr. Pope with back pain. (Tr. 261). At that time, nothing was mentioned about depression. Other than the report of the MRI dated May 4, 2011, the most recent medical record of Plaintiff's treating physician, Dr. Bob Wilson, III, is dated April 27, 2011, which does not indicate that Plaintiff was taking any anti-depressant medication. (Tr. 266).

With respect to Plaintiff's obesity, the Court finds that the ALJ took into consideration the impact of Plaintiff's obesity in his RFC assessment, limiting Plaintiff to sedentary work with postural limitations.

Based upon the foregoing, the Court finds that the existing medical sources contain sufficient evidence for the ALJ to make a determination, and that the ALJ did not fail to fully and fairly develop the record.

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supports the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 19th day of June, 2014.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE